Benjamin I. Whipple
1150 South Colony Way
Palmer, Alaska 99645
bwhipple@mtaonline.net
907-745-1776
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Sandra R. Merica-Nazuruk, individually and as Personal Representative of the Estate of Clarence A. Nazuruk, <br><br> Plaintiff, <br><br> v. <br><br> United States of America, Dept. of Health & Human Services, Indian Health Service, Alaska Native Tribal Health Consortium d/b/a Alaska Native Medical Assoc., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| _____ ) | Civil No. |

## COMPLAINT

COMES NOW plaintiff Sandra R. Merica-Nazuruk, individually and as personal representative of the Estate of Clarence A. Nazuruk, through counsel, and for

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
MERICA-NAZURUK v. USA, et al
mer-plea.201.wpd

Case 3:20-cv-00107-TMB   Document 2   Filed 05/08/20   Page 1 of 7

her complaint alleges on information and belief as follows:

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 - 2680, 2401(b) and 28 U.S.C. §§ 1331 and 1346(b).

2. In the months prior to his death on May 9, 2016 Clarence Nazuruk repeatedly visited defendant Alaska Native Medical Center for medical care. No echocardiograms were administered until April 27, 2016, which at that time revealed severe aortic stenosis. Mr. Nazuruk visited ANMC for medical care several times from April 27 to May 9, 2016, but was discharged each time. On May 9, 2016, Joseph Park, D.O., an employee of ANMC, referred Mr. Nazuruk for open heart surgery for a heart valve replacement, but negligently discharged him. Later that day Mr. Nazuruk suffered a heart attack and died. Severe aortic stenosis was listed as the primary cause of death.

3. Mr. Nazuruk's widow, Sandra M. Merica-Nazuruk, was appointed personal representative of the

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
MERICA-NAZURUK v. USA, et al
mer-plea.201.wpd

Estate of Clarence A. Nazuruk by the Alaska Superior Court, effective April 9, 2018 (3PA-18-207 PR).

4. On April 27, 2018 Ms. Merica-Nazuruk submitted an administrative claim to the U.S. Department of Health & Human Services for negligent discharge and wrongful death.

5. On December 17, 2019 the U.S. Department of Health & Human Services denied the administrative claim referenced above. All conditions precedent to a Federal Tort Claims Act have been met.

6. Venue is properly within this District under 28 U.S.C. § 1402(b) as the act(s) complained of occurred in the District of Alaska.

7. Plaintiff is a resident of the State of Alaska and makes her home in Anchorage.

8. The United States of America, the Department of Health & Human Services, and the Indian Health Service are appropriate defendants under the Federal Tort Claims Act.

9. Defendant Alaska Native Tribal Health

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
MERICA-NAZURUK v. USA, et al
mer-plea.201.wpd

Case 3:20-cv-00107-TMB   Document 2   Filed 05/08/20   Page 3 of 7

Consortium d/b/a Alaska Native Medical Center is an entity within and under the authority of the Indian Health Service, of the U.S. Department of Health & Human Services, and is alleged to be the employer of Joseph Park, D.O., whose actions and ommisions with respect to Mr. Nazuruk fell within the scope of his employment.

10. Defendant Alaska Native Tribal Health Consortium through the Alaska Native Medical Center provides medical services within the State of Alaska and is a healthcare provider within the meaning of A.S. § 09.55.560(1).

11. The amount in controversy exceeds $75,000.

12. Defendants and their employees, by contract with Mr. Nazuruk and by reason of their undertaking, owed a duty to Mr. Nazuruk to provide medical services to him in accordance with the degree of care ordinarily exercised under the circumstances by health care providers within the field or speciality.

13. Defendants breached this duty to Mr. Nazuruk within the meaning of A.S. § 09.55.540(a) by

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
MERICA-NAZURUK v. USA, et al
mer-plea.201.wpd

negligently discharging him when he was in dire, acute and emergent need of a heart valve replacement.

14. As a direct and proximate result of the negligent discharge, Mr. Nazuruk returned home with his heart untreated, suffered a heart attack and died.

15. Plaintiff alleges medical malpractice within the meaning of A.S. § 09.55.540.

16. Plaintiff alleges that Mr. Nazuruk's passing was a wrongful death within the meaning of A.S. § 09.55.580.

17. During Mr. Nazuruk's final week, in which he remained untreated for severe aortic stenosis, he endured non-economic loss as a direct and proximate result of the negligent discharge, including pain and suffering, emotional distress, loss of quality of life, inconvenience, disfigurement, severe and permanent physical impairment, within the meaning of A.S. § 09.055.549(e) or § 17.10.010(c) and therefore limited to $400,000.

18. Mr. Nazuruk also suffered wrongful death

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
MERICA-NAZURUK v. USA, et al
mer-plea.201.wpd

Case 3:20-cv-00107-TMB   Document 25   Filed 05/08/20   Page 5 of 7

as a as a direct and proximate result of the negligent discharge, which is alleged to be a separate loss within the meaning of A.S. § 09.055.549(e) with its own limited amount of $400,000 in non-economic damages.

19. Mr. Nazuruk and/or his estate suffered economic loss as a direct and proximate result of the negligence and wrongful death, including loss of future wage and retirement benefits from his years as a union laborer, out-of-pocket expenses, non-market services and loss of tribal and subsistence hunting and fishing benefits in an amount to be ascertained by an economist, and eventually, burial and/or funeral expenses in an amount alleged to be not less than $10,000.

20. The alleged negligent discharge and wrongful death caused plaintiff Sandra R. Merica-Nazuruk, the widow of Mr. Nazuruk, to suffer the losses complained of earlier as well as loss of consortium within the meaning and limitations of A.S. § 09.055.549(e).

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
MERICA-NAZURUK v. USA, et al
mer-plea.201.wpd

WHEREFORE, plaintiff prays for relief from this Court, as follows:

1.  For economic and noneconomic compensatory damages in an amount to be proved at trial;

2.  For costs and attorney's fees; and,

3.  For such other and further relief as the Court deems proper.

DATED this 8th day of May 2020.

        By   s/Ben Whipple
            Benjamin I. Whipple
            Alaska Bar No. 9311096
            Attorney for Plaintiff
            1150 S. Colony Way
            Palmer, Alaska 99645
            bwhipple@mtaonline.net
            907-745-1776

Ben Whipple
Attorney
1150 S Colony Way
Palmer, AK 99645
907-745-1776
745-1775 fax

COMPLAINT
MERICA-NAZURUK v. USA, et al
mer-plea.201.wpd

Case 3:20-cv-00107-TMB   Document 2   Filed 05/08/20   Page 7 of 7